| Washington County | **STATE OF TENNESSEE** <br> **CIVIL SUMMONS** <br> page 1 of 1 | Case Number <br> 31086 |
|---|---|---|
| Mary S. Morrow | Vs. The Daniel Group, Inc. | Nov 30 12 |

Served On: _____ 12:30 o'clock P.

_____

You are hereby summoned to defend a civil action filed against you in __Circuit__ Court, __Washington__ County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: __11-30-12__

_Karen Guinn, Clerk_
Clerk / Deputy Clerk By: _Martha S. Shanks, D.C._

Attorney for Plaintiff: __D. Bruce Shine__
__433 East Center Street, Suite 201, Kingsport, TN 37660__

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County

I HEREBY CERTIFY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL DOCUMENT. IT APPEARS AT THE WASHINGTON COUNTY CIRCUIT COURT.
KAREN GUINN, CLERK
_Martha S. Shanks_ D.C.

### CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____ _____
Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____
_____

Date: _____ By: _____
Officer, Title

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____ _____
Notary Public / Deputy Clerk (Comm. Expires _____)

_____ _____
Signature of Plaintiff Plaintiff's Attorney (or Person Authorized to Serve Process)
(Attach return receipt on back)

ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( )

ADA: IF YOU HAVE A DISABILITY AND REQUIRE ASSISTANCE, PLEASE CONTACT (423) 788-1415

**EXHIBIT A**



# IN THE CIRCUIT COURT
## FOR THE FIRST JUDICIAL DISTRICT
## WASHINGTON COUNTY TENNESSEE
## AT JONESBOROUGH

MARY S. MORROW, a citizen and \*
resident of Waynesville, Haywood \*
County, North Carolina, \*
                                                \*
    Plaintiff, \*
                                                \*
v.                                             \*   Civil Action No. 31086
                                                \*
THE DANIEL GROUP, INC., a Virginia \*
Corporation, domesticated and \*
doing business in Johnson City, \*
Washington County, Tennessee, \*
                                                \*   30 day of
                                                \*   Nov 12
    Defendant. \*   12:30 P.

## COMPLAINT

This is an action by the Plaintiff, formerly employed as a night accounting clerk for Sleep Inn and Suites of Johnson City, Tennessee, a wholly owned entity of the Defendant, The Daniel Group, Inc., who was terminated on July 2, 2012, in violation of Tennessee's "Whistle Blower Statute", T.C.A. 50-1-304.

1. Mary S. Morrow at all times material was employed by Sleep Inn and Suites, 2020 Franklin Terrace Court, Johnson City, Tennessee, and at such time was a citizen and resident of Johnson City, Washington County, Tennessee.

2. The Daniel Group, Inc. is a diversified company specializing in real estate development, management and related services, the entity owns and operates Sleep Inn and Suites, Johnson City, Tennessee. The Daniel Group, Inc. is a Virginia corporation, domesticated in Tennessee, with its principle office in Danville, Virginia. Its

1

I HEREBY CERTIFY THAT THIS IS A TRUE AND
EXACT COPY OF THE ORIGINAL DOCUMENT AS
IT APPEARS AT THE WASHINGTON COUNTY
CIRCUIT COURT.
KAREN GUINN, CLERK

Case 2:13-cv-00025-HSM-WBC   Document 1-1   Filed 03/15/13   Page 8 of 16   PageID #: 5

registered agent is William C. Argabrite, Esq., P O Box 46, Kingsport TN 37664-3146.

3. In June of 2012, Plaintiff Morrow met with Keith Sexton, a Johnson City police officer on loan to the Drug Enforcement Agency, a federal law enforcement agency. Sexton met Ms. Morrow while visiting Sleep Inn and Suites of Johnson City, Tennessee and advised her of a DEA program which rewarded individuals for providing tips which led to the arrest of persons engaged in drug trafficking. Thereafter on June 22, and 25, 2012, Plaintiff Morrow in obedience to her conversation with Officer Sexton advised the DEA that certain activity was transpiring in the Johnson City Sleep Inn and Suites, in particular she advised the DEA that Justin ["Diago"] Bookwalter, and Montavius ["Rico"] Gholston who were occupying room 322 at the motel were engaged in suspicious activity which she believed to be drug trafficking.

4. On June 28, 2012, members of a DEA Swat Team which included Special Agent Sexton, raided Sleep Inn and Suites at 2020 Franklin Terrace Court, Johnson City, Tennessee. As a result of the raid Bookwalter and Gholston were arrested in room 322 and charged with multiple drug offenses. Currently Bookwalter and Gholston are awaiting trial on charges pending in the United States District Court for the Eastern District of Tennessee at Greeneville.

5. Four days later on July 2, 2012, Travis Ledford, General Manager of the Johnson City Sleep Inn and Suites terminated Morrow indicating she was discharged because she had been "smoking pot" with Gholston and Bookwalter in their room 322 at the Sleep Inn and Suites, and Ledford specifically asserted that fact was contained in a report of the raid on file with the Johnson City Police Department.

6. Immediately thereafter Morrow had a drug screen performed by Haywood

2

Regional Medical Center, Clyde, North Carolina, which showed a negative result for amphetamine, cocaine, opiates, phencyclidine, and cannabinoid. The exam was performed on July 4, 2012, at 10:48 a.m which refuted Ledford's statement. Morrow also obtained a copy of the Johnson City Police Department report of the raid, which contained no mention of Morrow.

7. Shortly thereafter, Morrow applied for unemployment benefits with the Tennessee Department of Labor and Workforce Development. In response to the agency's inquiry as to the reasons for her termination, Sleep Inn and Suites stated and the agency concluded:

> *"Claimant was discharged for most recent work . . . claimant was discharged for allegedly being in a guest room without authorization. She denies the allegation. Employer did not provide evidence to disqualify."*

As a result Morrow was granted unemployment benefits because

> *"The employer has not provided sufficient evidence to prove that claimant's actions constitute work-related misconduct."*

8. On August 29, 2012, counsel for Plaintiff wrote to The Daniel Group, Inc. inquiring as to the grounds for Ms. Morrow's termination and stating it was Ms. Morrow's opinion that she had been terminated by Ledford because she had cooperated with the DEA and participated in its drug enforcement program. In response Winn Bishop, Vice-President of The Daniel Group, Inc., wrote to counsel for Plaintiff as follows:

> *"Our records indicate that Ms. Morrow was found in a guest room with two or more men who were involved in illegal activities of some type. Ms. Morrow's presence in the room was the sole reason for her termination. From your letter,*

3

> *Ms. Morrow made a decision to assist the police in an attempt to be financially rewarded via a DEA program. Her decision violated Choice Hotel regulations* and could have resulted in Ms. Morrow or other guests being seriously injured or worse."

[Exhibit A hereto]

9. Under Tennessee Code Annotated 50-1-304 (b) provides in relevant part as follows:

> " No employee shall be discharged or terminated sorely for refusing to participate in or for refusing to remain silent about, illegal activities."

10. Morrow contends as evidenced by the letter of Bishop cited above that her termination was in violation of Tenn. Code Ann. §50-1-304 (b) and (d)(1) in relevant part as follows:

> "Any employee terminated in violation of subsection (b) shall have a cause of action against the employer for retaliatory discharge and any other damages to which the employee may be entitled."

**WHEREFORE**, Plaintiff Mary S. Morrow moves the court as follows:

1. That she be made whole for all lost wages and benefits up to and including the date of entry of judgment,

2. For her reasonable attorney fees and cost of litigation pursuant to Tenn. Code Ann. 50-1-304 (d)(2),

3. For $50,000 for damages to her reputation and standing within the community, and,

4. For such further and other relief as to which she may be entitled under the

4

facts and circumstances of this case.

MARY S. MORROW

By: /s/ D. Bruce Shine
D. Bruce Shine, Esq.
TN BPR No. 000815


By: /s/ Rodney B. Rowlett III
Rodney B. Rowlett, III, Esq.
TN BPR No. 030330
LAW OFFICE OF D. BRUCE SHINE
433 East Center Street, Suite 201
Kingsport, TN 37660-4858
423 246-8433


## COST BOND

We acknowledge ourselves as surety for all court costs and taxes in this case in accordance with Tenn. Code Ann. 20-12-120.

/s/ D. Bruce Shine